FILED
JAMES J. VILT, JR. - CLERK

JAN 18 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**JOHN E. LOHDEN, JR.** (Counts 1, 2, 4-11)
**DAYTON PETERSON** (Counts 6-10, 15)
**JOSHUA ISAAC LOHDEN** (Counts 1, 2, 3)
**DAVID LANGDON** (Counts 6-8, 12-14)
**J. LOUIS NANCE** (Counts 1, 2)

SUPERSEDING INDICTMENT

NO. 3:22-CR-111-DJH
18 U.S.C. § 2
18 U.S.C. § 913
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(a)(8)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 1201(a)(1)
18 U.S.C. § 1951(a)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
21 U.S.C. § 853
26 U.S.C. § 5841
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
28 U.S.C. § 2461

The Grand Jury charges:

## COUNT 1
(*Kidnapping*)

On or about July 20, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, **JOSHUA ISAAC LOHDEN**, and **J. LOUIS NANCE**, aided and abetted by each other and others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, carry away, and hold A.B. for currency, and, in committing and in furtherance of the commission of the offense, used a cellular phone, a means, facility, and instrumentality of interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

The Grand Jury further charges:

## COUNT 2
*(Impersonator Making Arrest or Search)*

On or about July 20, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, **JOSHUA ISAAC LOHDEN**, and **J. LOUIS NANCE**, aided and abetted by each other and others known and unknown to the Grand Jury, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a Deputy of the United States Marshals, and in such assumed and pretended character did act as such, in that **JOHN E. LOHDEN, JR.**, **JOSHUA ISAAC LOHDEN**, and **J. LOUIS NANCE**, aided and abetted by each other and others known and unknown to the Grand Jury, falsely wore insignia of the United States Marshals, and detained A.B. and searched the property of A.B.

In violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury further charges:

## COUNT 3
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about July 21, 2021, in the Western District of Kentucky, Bullitt County, Kentucky, the defendant, **JOSHUA ISAAC LOHDEN**, did knowingly possess a firearm, that is, a Ruger, Model 57, 5.7 x 28 millimeter caliber pistol, bearing serial number 641-59223, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 4
*(Possession of a Firearm by a Prohibited Person)*

On or about January 6, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **EDWARD LOHDEN, JR.**, knowingly possessed, in and affecting commerce, a firearm, that is a Colt, Law Enforcement RF AR15, 5.56 caliber rifle, bearing serial LE390413, a Smith & Wesson, Model M&P 15, 5.56 caliber rifle, bearing serial number JT58368, and a Remington 870, 12 gauge shotgun, bearing serial number RS34999N, with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

> On or about November 16, 2021, in Jefferson County Circuit Court, Jefferson County, Kentucky, in Case Number 21-CR-1246, **JOHN EDWARD LOHDEN, JR.**, was convicted of Receiving Stolen Property Under $10,000, a felony; and

> On or about November 28, 2007, in Jefferson County Circuit Court, Jefferson County, Kentucky, in Case Number 07-CR-1740, **JOHN EDWARD LOHDEN, JR.**, was convicted of Tampering with Physical Evidence; Escape in the Second Degree; and Complicity to Wanton Endangerment in the First Degree (3 Counts), each a felony.

In violation of Title 18, United States Code, Sections 922(g)(1), and 924(a)(2).

The Grand Jury further charges:

## COUNT 5
*(Possession of an Unregistered Firearm)*

On or about January 6, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOHN EDWARD LOHDEN, JR.**, knowingly received and possessed a firearm, to wit: an Anderson Manufacturing, Model AM-15, 5.56 caliber short barrel rifle,

bearing serial number 15039263, with a barrel measuring 10.5 inches, not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

The Grand Jury further charges:

## COUNT 6
*(Kidnapping)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **DAVID LANGDON**, aided and abetted by each other and others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, carry away, and hold J.A.G., E.M.O., G.A.M., J.M.A.M., L.A.M., and M.A.M. for firearms, jewelry, currency, and narcotics, and, in committing and in furtherance of the commission of the offense, used a cellular phone, a means, facility, and instrumentality of interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

The Grand Jury further charges:

## COUNT 7
*(Impersonator Making Arrest or Search)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **DAVID LANGDON**, aided and abetted by each other and others known and unknown to the Grand Jury, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and in such assumed and pretended character did act as such, in that **JOHN E.**

**LOHDEN, JR.**, **DAYTON PETERSON**, and **DAVID LANGDON**, and aided and abetted by each other and others known and unknown to the grand jury, falsely wore insignia of the Bureau of Alcohol, Tobacco, Firearms and Explosives and presented a fabricated search warrant bearing a cover sheet from the federal Administrative Office of the Courts, and detained J.A.G., E.M.O., G.A.M., J.M.A.M., L.A.M., and M.A.M. and searched the property of J.A.G. and E.M.O.

In violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury further charges:

<u>COUNT 8</u>
(*Robbery*)

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **DAVID LANGDON**, and others known and unknown to the Grand Jury, aided and abetted by each other, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951 (b)(1), in that the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **DAVID LANGDON,** along with others, aided and abetted by each other, did knowingly attempt to take property, including United States currency and controlled substances, belonging to M.A.M., against his will by means of actual and threatened force, violence, and fear of immediate injury to his person.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

The Grand Jury further charges:

## COUNT 9
*(Brandishing a Firearm During and in Relation to a Crime of Violence)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOHN E. LOHDEN, JR.**, and **DAYTON PETERSON**, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in the United States, that is, robbery.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).


The Grand Jury further charges:

## COUNT 10
*(Conspiracy to Possess with Intent to Distribute Controlled Substances)*

Beginning on or about August 16, 2022, and continuing to on or about October 26, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.** and **DAYTON PETERSON**, knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with intent to distribute controlled substances, to include five kilograms or more of a mixture or substance containing a detectable amount of cocaine, and 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," both Schedule II controlled substances as defined in Title 21, United States Code, Section 812, and 1 kilogram or more of a mixture or substance containing a detectable

amount of heroin, a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A), and (b)(1)(B).

The Grand Jury further charges:

## COUNT 11
*(Possession with Intent to Distribute Controlled Substances)*

On or about August 18, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **JOHN E. LOHDEN, JR.**, knowingly and intentionally possessed with the intent to distribute controlled substances, to include five kilograms or more of a mixture or substance containing a detectable amount of cocaine, and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," both Schedule II controlled substances as defined in Title 21, United States Code, Section 812, and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and (b)(1)(B).

The Grand Jury further charges:

## COUNT 12
*(Possession with Intent to Distribute Controlled Substances)*

On or about August 23, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **DAVID LANGDON**, knowingly and intentionally possessed with the intent to distribute controlled substances, to include a mixture and substance

containing a detectable amount of methamphetamine, a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," Schedule II controlled substances as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

The Grand Jury further charges:

## COUNT 13
*(Possession of a Firearm by a Prohibited Person)*

On or about August 23, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **DAVID LANGDON**, knowingly possessed, in and affecting commerce, a firearm, that is a Colt, Model MK IV/SERIES 80, .380 caliber pistol, bearing serial number RC52260, and ammunition, with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

> On or about October 14, 2015, in Jefferson County Circuit Court, Jefferson County, Kentucky, in Case Number 15-CR-2326, **DAVID LANGDON**, was convicted of Possession of a Handgun by a Convicted Felon, Trafficking in a Controlled Substance in the First Degree, and Possession of a Controlled Substance in the First Degree, each a felony; and

> On or about October 15, 2015, in Jefferson County Circuit Court, Jefferson County, Kentucky, in Case Number 13-CR-0885, **DAVID LANGDON**, was convicted of Trafficking in a Controlled Substance in the First Degree (greater than 2 grams of heroin), a felony.

In violation of Title 18, United States Code, Sections 922(g)(1), and 924(a)(8).

The Grand Jury further charges:

## COUNT 14
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about August 23, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **DAVID LANGDON**, in furtherance of the drug trafficking crime set forth in Count 12 of this Superseding Indictment, possessed a firearm, to wit, a Colt, Model MK IV/SERIES 80, .380 caliber pistol, bearing serial number RC52260.

In violation of Title 18, United States Code, Section 924(c)(1)(A).


The Grand Jury further charges:

## COUNT 15
*(Possession with Intent to Distribute Controlled Substances)*

On or about October 26, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **DAYTON PETERSON**, knowingly and intentionally possessed with the intent to distribute controlled substances, to include 400 grams or more of a mixture or substance containing a detectable amount of cocaine and a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," Schedule II controlled substances as defined in Title 21, United States Code, Section 812, and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and (b)(1)(B).

## NOTICE OF FORFEITURE

As a result of committing an offense in violation of Title 18, United States Code, Section 1201(a)(1), as specifically charged in Counts 1 and 6 of this Superseding Indictment, the defendants, **JOHN E. LOHDEN, JR.**, **JOSHUA ISAAC LOHDEN**, **J. LOUIS NANCE**, **DAYTON PETERSON**, and **DAVID LANGDON**, shall forfeit to the United States any and all property constituting, or derived from, proceeds defendants obtained, directly or indirectly, as a result of this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

As a result of committing offenses in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and 846, as specifically charged in Counts 10, 11, 12, and 15 of this Superseding Indictment, felonies punishable by imprisonment for more than one year, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **DAVID LANGDON**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations (including but not limited to all firearms and ammunition).

As a result of committing offenses in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 924(a)(8) and 924(c)(1)(A), as specifically charged in Counts 3, 4, 9, 13, and 14 of this Superseding Indictment, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, **JOSHUA ISAAC LOHDEN**, and **DAVID LANGDON**, shall forfeit to the United

States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms, magazines, and ammunition involved in the commission of said offenses, including but not limited to a Ruger, Model 57, 5.7 x 28 millimeter caliber pistol, bearing serial number 641-59223; a Colt, Model MK IV/ SERIES 80, .380 caliber pistol, bearing serial number RC52260, and ammunition.

A TRUE BILL.

Redacted

FOREPERSON

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:FED:APG (01/18/2023)

UNITED STATES OF AMERICA v. JOHN E. LOHDEN, JR., ET AL.

## PENALTIES

| | |
|---|---|
| Counts 1 & 6: | NM Life/$250,000/both/NM 5yrs. Supervised Release |
| Counts 2 & 7: | NM 3 yrs./$250,000/both/NM 1 yr. Supervised Release |
| Counts 3, 9, 14: | NL 5 years consecutive/$250,000/both/NM 5 yrs. Supervised Release |
| Counts 4 & 5: | NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Count 8: | NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Count 10: | NL 10 yrs./NM life/$10,000,000/both/NL 5yrs. Supervised Release (cocaine & heroin) |
| | NM 20 yrs./$1,000,000/both/NL 3yrs. Supervised Release (fentanyl) |
| Count 11: | NL 10 yrs./NM life/$10,000,000/both/NL 5yrs. Supervised Release (cocaine) |
| | NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4yrs. Supervised Release (heroin) |
| | NM 20 yrs./$1,000,000/both/NL 3yrs. Supervised Release (fentanyl) |
| Count 12: | NM 20 yrs./$1,000,000/both/NL 3yrs. Supervised Release (all substances) |
| Count 13 | NM 15 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Count 15: | NL 10 yrs./NM life/$10,000,000/both/NL 5yrs. Supervised Release (fentanyl) |
| | NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4yrs. Supervised Release (heroin) |
| Forfeiture | |

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.